FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
Rec'd 5/3/13 PM
★ MAY 02 2013 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

EUGENE THOMAS,

                Plaintiff,

                v.

SOCIAL SECURITY ADMINISTRATION,

                Defendant.

-----------------------------------------------------------x

**MEMORANDUM & ORDER**
11-CV-3698 (MKB)

MARGO K. BRODIE, United States District Judge:

    Plaintiff Eugene Thomas filed the above-captioned action pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(a), seeking information about the appointment of a guardian *ad litem* to receive Plaintiff's social security funds. Defendant and Plaintiff both moved for summary judgment. The Court heard argument on January 23, 2013. At oral argument, Plaintiff informed the Court that he also intended to bring a due process violation claim pursuant to the Fifth Amendment of the United States Constitution.[1] For the reasons set forth below, Plaintiff's motion for summary judgment is denied, and Defendant's motion for summary judgment is granted.

---

[1] In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Therefore, the Court construes Plaintiff's Complaint as having brought a due process claim predicated on the appointment of a guardian *ad litem*.

## I. Background

According to Plaintiff, he first obtained social security benefits in 1986. (Pl. 1st Summ. J. 1.) At some point prior to the appointment of a guardian *ad litem*, Plaintiff was living in housing controlled by the New York City Housing Authority ("NYCHA").[2] (*Id.*) Plaintiff was notified on August 24, 1999 that the Human Resources Administration of the City of New York's Protective Services for Adults ("PSA") planned to ask the Social Security Administration ("SSA") to appoint the Commissioner of the Human Resource Administration to act as representative payee of his Supplemental Security Income ("SSI") benefits. (Pl. 01/24/2013 Letter Ex. 2.) The SSA notified Plaintiff on September 6, 1999 that a representative payee would be appointed. (Pl. 01/24/2013 Letter Ex. 1.) In the letter, Plaintiff was told that within 10 days the SSA would select a representative payee and he had 60 days to request an appeal of the decision. (*Id.*) The PSA thereafter served as Plaintiff's representative payee from September 1999 to September 2000. (Pl. 2d Summ. J. Ex. C.) "On September 25, 2000, the New York Foundation for Senior Citizens (NYFSC) became [Plaintiff's] payee, upon being selected to serve as his court-appointed legal guardian." (*Id.*) "In October 2010, legal guardianship of [Plaintiff] was transferred to his son, Christopher Reese[.]" (*Id.*)

---

[2] The NYCHA initiated several actions in New York state court against Plaintiff for failure to pay rent. (Pl. 1st Summ. J. 1–2; Pl. 2d Summ. J. Ex. F.) According to a document submitted by Plaintiff, in one of those cases, Plaintiff was represented by Brooklyn Legal Services. (Pl. 2d Summ. J. Ex. F.) "The case was settled after [the judge] appointed Ernest Wilson Esq. as Guardian AdLitem, Protective Services for Adults recommended involuntary financial management in [his] case, and N.Y.C.H.A. agreed to refer the charge of chronic rent delinquency to a new administrative proceeding." (*Id.*) The date of settlement is unclear from the record. What is clear from the record is that on September 28, 2000, by order and judgment, the Kings County Supreme Court appointed the New York Foundation for Senior Citizens as guardian *ad litem* of the property of Plaintiff. (*See* Def. 02/13/2013 Letter.)

2

"By letter dated April 2, 2010, [P]laintiff requested a copy of a court order dated prior to October 1, 1999, 'authorizing the seizure of Social Security Disability benefits.'" (Def. 56. 1 ¶ 1.) It is Defendant's best understanding that Plaintiff was "referring to a New York State Supreme Court order issued prior to October 1, 1999, that resulted in [Defendant] selecting a representative payee for [P]laintiff's disability insurance benefits." (Def. Summ. J. 1.) "In a letter dated May 13, 2010, SSA acknowledged the FOIA request." (Def. 56. 1 ¶ 2.) On June 2, 2010, Defendant wrote to Plaintiff that the FOIA request was being referred to the Northeastern Program Service Center ("NEPSC"), "because it was believed that [P]laintiff's claims folder was at the NEPSC." (*Id.* at ¶ 3.) NEPSC conducted a search in June 2010 and was unable to find the order. (*Id.* at ¶ 4.) Plaintiff commenced this action on August 1, 2011. (*Id.* at ¶ 5.) In November 2011, Defendant conducted another search for the order at the NEPSC but could not find the order. (*Id.* at ¶ 6.) In December 2011, Defendant conducted searches in the Social Security National Records Center and at Plaintiff's local servicing district office and could not find the order. (*Id.* at ¶ 7.) "By a letter dated December 14, 2011, [Defendant] informed [P]laintiff that it searched its records and was unable to locate the requested document." (*Id.* at ¶ 8.)

## II. Discussion

### a. Standard of Review

Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Redd v. N.Y. Div. of Parole*, 678 F.3d 166, 174 (2d Cir. 2012). The role of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."

*Cioffi v. Averill Park Cent. Sch. Dist. Bd. of Educ.*, 444 F.3d 158, 162 (2d Cir. 2006) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). A genuine issue of fact exists when there is sufficient "evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. The "mere existence of a scintilla of evidence" is not sufficient to defeat summary judgment; "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Id.* The court's function is to decide "whether, after resolving all ambiguities and drawing all inferences in favor of the non-moving party, a rational juror could find in favor of that party." *Pinto v. Allstate Ins. Co.*, 221 F.3d 394, 398 (2d Cir. 2000).

### b. Freedom of Information Act

Under the Freedom of Information Act ("FOIA"), federal district courts have jurisdiction to prevent an "agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980) (citing 5 U.S.C. § 552(a)(4)(B)). In order for a federal court to have jurisdiction it must be shown that an agency has "(1) improperly (2) withheld (3) agency records." *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 478 (2d Cir. 1999) (internal quotation marks omitted) (citing *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989)); *Romano v. C.I.A.*, No. 11-CV-5944, 2013 WL 210224, at *3 (E.D.N.Y. Jan. 18, 2013); *The Shinnecock Indian Nation v. Kempthorne*, 652 F. Supp. 2d 345, 355 (E.D.N.Y. 2009). A district court may force disclosure only when all three elements are met. *Grand Cent. P'ship*, 166 F.3d at 478 (citing *Tax Analysts*, 492 U.S. at 142). "When an agency has demonstrated that it has not 'withheld' requested records in violation of the standards

4

established by Congress, the federal courts have no authority to order the production of such records under the FOIA." *Kissinger*, 445 U.S. at 139.

The defending agency has the burden of showing that its search was adequate or that the document is exempt from production under FOIA. *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 812 (2d Cir. 1994). The main source of proof in a FOIA summary judgment motion is affidavits. *Long v. Office of Pers. Mgmt.*, 692 F.3d 185, 190 (2d Cir. 2012).[3] Factual discovery "relating to an agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face." *Grand Cent. P'ship*, 166 F.3d at 488 (alteration omitted) (citing *Carney*, 19 F.3d at 812). "[T]o establish the adequacy of a search, agency affidavits must be relatively detailed and nonconclusory, and submitted in good faith." *Id.* (alteration, citation and internal quotation marks omitted). It is presumed that affidavits submitted by the agency were submitted in good faith. *Id.* After the agency has shown a good faith adequate search, the plaintiff must show that the agency acted in bad faith or show that any exemptions claimed by the agency are not appropriate in the case. *Anderson v. U.S. Dep't of Justice*, 326 F. App'x 591, 592–93 (2d Cir. 2009) (citing *Carney*, 19 F.3d at 812).

"When a plaintiff questions the adequacy of the search an agency made in order to satisfy its FOIA request," the key question is whether the search "was reasonably calculated to discover the requested documents," and not whether every document in existence was found by the search. *Grand Cent. P'ship*, 166 F.3d at 489 (alteration and citation omitted); *Fox News Network, LLC v. U.S. Dep't of The Treasury*, 739 F. Supp. 2d 515, 533 (S.D.N.Y. 2010); *see also*

---

[3] "An affidavit from an agency employee responsible for supervising a FOIA search is all that is needed to satisfy Rule 56(e); there is no need for the agency to supply affidavits from each individual who participated in the actual search." *Carney v. U.S. Dep't of Justice*, 19 F.3d 807, 814 (2d Cir. 1994).

5

*Adamowicz v. I.R.S.*, 402 F. App'x 648, 651 (2d Cir. 2010) ("[A]n agency need not show that its search uncovered every . . . responsive document [in existence], but only that it 'was reasonably calculated to discover the requested documents.'"). Defendant engaged in several searches for the relevant document and describes the search in sufficient detail. (*See* Decl. Zimmerman.) In addition, at the Court's instruction, Defendant searched the Kings County Supreme Court records for any relevant documents and found that "[b]y Order and Judgment and Commission entered on September 28, 2000, the New York Foundation for Senior Citizens was appointed Guardian of the" property of Plaintiff. (*See* Def. 02/13/2013 Letter.) Defendant has gone above and beyond meeting its required burden.[4] *See Grand Cent. P'ship*, 166 F.3d at 478. Plaintiff's FOIA claim is dismissed.

### c. Due Process

Plaintiff argues that the appointment of a representative payee prior to a court order violated his due process rights.[5] Plaintiff received notice on September 6, 1999 that a

---

[4] Defendant's only obligation under FOIA was to search agency records. *Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 478 (2d Cir. 1999). "For requested materials to qualify as 'agency records,' two requirements must be satisfied: (i) an agency must either create or obtain the requested materials, and (ii) the agency must be in control of the requested materials at the time the FOIA request is made." *Id.* at 479 (quoting *U.S. Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 144–45 (1989)); *see also Bloomberg L.P. v. Bd. of Governors of Fed. Reserve Sys.*, 649 F. Supp. 2d 262, 272 (S.D.N.Y. 2009), *aff'd sub nom. Bloomberg, L.P. v. Bd. of Governors of the Fed. Reserve Sys.*, 601 F.3d 143 (2d Cir. 2010) (describing the two-part test for agency records).

[5] The SSA can appoint a representative payee if the "Commissioner of Social Security determines that the interest of any individual . . . would be served" by the appointment. 42 U.S.C. § 405(j)(1)(A); *see also* 42 U.S.C. § 1383 (establishing that the SSA can appoint a representative payee to receive a person's Social Security funds "for the use and benefit of the individual or eligible spouse). Under the statute, the SSA has the ability to appoint a representative payee based on its own individual determination and the statute does not require the Commissioner to obtain a court order to do so. *See* 20 C.F.R. § 416.601(a) ("A representative payee will be selected if [the SSA] believe[s] that the interest of a beneficiary will

representative payee would be appointed. (Pl. 01/24/2013 Letter Ex. 1.) He was also informed that within 10 days, the SSA would select a representative payee and that he had 60 days to request an appeal of the decision. (*Id.*) There is no indication from the record provided by Plaintiff that he ever appealed the SSA's determination through the SSA's administrative procedures. (*See* Def. 02/13/2013 Letter.)

The SSA may distribute a person's benefits "for [a beneficiary's] use and benefit to another individual or entity as the beneficiary's representative payee."[6] *Wash. Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 376 (2003) (alteration in original) (internal quotation marks and citations omitted). A plaintiff seeking to overturn the SSA's appointment may either seek review of a final determination by the Commissioner pursuant to 42 U.S.C. § 405(g) or as a writ of mandamus. *Keesing v. Apfel*, 124 F. Supp. 2d 134, 135 (N.D.N.Y. 2000); *Laurie Q. v. Callahan*, 973 F. Supp. 925, 929 (N.D. Cal. 1997); *see also Tutuianu v. Comm'r of Soc. Sec.*, No. 06-CV-2823, 2007 WL 1875556, at *1 (E.D.N.Y. June 29, 2007). Because Plaintiff failed to present his claim to the SSA and to exhaust his administrative

---

be served by representative payment rather than direct payment of benefits. Generally, [the SSA] appoint[s] a representative payee if [the SSA] ha[s] determined that the beneficiary is not able to manage or direct the management of benefit payments in his or her own interest."); *Williams v. Jaudegis*, No. 11-CV-2408, 2012 WL 3839610, at *2 (D. Kan. Sept. 5, 2012) ("If the SSA determines that a beneficiary should not receive direct payments, it may appoint a qualified individual or organization as a representative payee."); *Mason v. Sybinski*, No. 00-IP-0988, 2001 WL 619389, at *1 (S.D. Ind. May 15, 2001), *aff'd*, 280 F.3d 788 (7th Cir. 2002) (" The . . . []SSA[] decides whether it should appoint a representative payee, and it will do so if it determines that a beneficiary is not able to manage or direct the management of benefit payments in his or her interest.")

[6] Courts have repeatedly upheld the appointment of states and state agencies as representative payees. *See, e.g., Wash. Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 389–90 (2003); *Gean v. Hattaway*, 330 F.3d 758, 770 (6th Cir. 2003); *Mason v. Sybinski*, 280 F.3d 788, 794 (7th Cir. 2002).

remedies, he cannot challenge the SSA's action either pursuant to 42 U.S.C. § 405(g) or as a writ of mandamus.

### i. Appeal of Final Determination

A district court may review a "final decision of the Commissioner" pursuant to 42 U.S.C. § 405(g), including the determination to appoint a representative payee. *See, e.g., Tutuianu*, 2007 WL 1875556, at *1; *Keesing*, 124 F. Supp. 2d at 135; *Laurie Q.*, 973 F. Supp. at 929; *see also Escalera v. Comm'r of Soc. Sec.*, 457 F. App'x 4, 5 (2d Cir. 2011). There are two parts to the "final decision." *Escalera*, 457 F. App'x at 5. The first part is a jurisdictional requirement that cannot be waived, requiring that the plaintiff must have presented his claim to the agency. *Id.* The second requirement can be waived and requires a plaintiff to exhaust all administrative remedies. *Id.* "The Social Security Act does not define the term 'final decision,'" but gives SSA the power "to set out the procedures for obtaining a final decision." *Id.* at 6. In *Escalera*, the Second Circuit stated:

> [T]he Commissioner has devised a four-step process by which a claimant must exhaust administrative remedies before proceeding to federal court. First, a claimant . . . receives an initial determination. Second, if a claimant is dissatisfied with the initial determination, he may seek reconsideration by filing a written request within 60 days. The reconsideration determination is binding unless a claimant requests a hearing before an administrative law judge ("ALJ") within 60 days of receiving notice of the reconsideration determination. If the claimant is dissatisfied with the ALJ's hearing decision, he may request review by the Appeals Council within 60 days of receiving notice of the hearing decision. A claimant may seek an extension of time of any of these deadlines by showing good cause. The Appeals Council's decision is considered final, and a claimant may seek judicial review of that decision in district court.

*Id.* (citations omitted); *see also Norman v. Astrue*, No. 10-CV-5839, 2012 WL 4378042, at *2 (S.D.N.Y. Sept. 25, 2012) (describing final determinations by the Commissioner); *Maynard v. Soc. Sec. Admin.*, No. 11-CV-6046, 2012 WL 2319249, at *3 (E.D.N.Y. June 19, 2012) (same); *Tutuianu*, 2007 WL 1875556, at *1 (holding that a petitioner must first present his claim that a

8

representative payee had been appointed in error to an ALJ then to the Appeals Council); *Laurie Q.*, 973 F. Supp. at 929 ("[W]here plaintiffs challenge the designation of a representative payee, plaintiffs must at least show that they have sought reconsideration of the Commissioner's designation of a particular representative.").

Since Plaintiff has submitted no evidence that he presented his claim to SSA, or that he exhausted his administrative remedies, this Court lacks jurisdiction pursuant to 42 U.S.C. § 405(g) to hear his claim. *Escalera*, 457 F. App'x at 5 (holding that a plaintiff must at least present the claim to the agency for there to be jurisdiction); *Smith v. Schweiker*, 709 F.2d 777, 780 (2d Cir. 1983) (holding that in order for a court to have jurisdiction under § 405(g) the plaintiff must present the claim to the Commissioner); *see also Ingram v. Comm'r of Soc. Sec.*, 401 F. App'x 234, 235 (9th Cir. 2010) (holding that the district court properly dismissed the plaintiff's claim that SSA improperly withheld supplemental security income and improperly assigned a representative payee "for lack of subject matter jurisdiction because [the plaintiff] failed to exhaust his administrative remedies before seeking judicial review"); *Norman*, 2012 WL 4378042, at *2 (a final determination is a prerequisite for subject matter jurisdiction); *Muniz v. Astrue*, No. 07-CV-1945, 2007 WL 4591259, at *1 (E.D.N.Y. 2007) ("[W]here a claimant has not received a 'final decision' from the Commissioner, his claim for benefits is unexhausted and a federal district court is without subject matter jurisdiction to review it."); *Keesing v. Apfel*, 124 F. Supp. 2d 134, 135 (N.D.N.Y. 2000) ("The requirements of 42 U.S.C. §§ 405(g) and (h) are prerequisites for subject matter jurisdiction, which plaintiff satisfied once he exhausted his administrative procedures and obtained a final decision after being denied review from the Appeals Council.").

Before Plaintiff can pursue his claim in this Court, he must first present his claim to the SSA and, if denied, exhaust his administrative remedies. *See Norman*, 2012 WL 4378042, at *2; *Maynard*, 2012 WL 2319249, at *3; *Tutuianu*, 2007 WL 1875556, at *1 *Laurie Q.*, 973 F. Supp. at 929. This Court has no discretion to waive the jurisdictional requirement of § 405(g) that Plaintiff present his claim to the SSA.

### ii. Mandamus

A plaintiff may seek mandamus review "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Binder & Binder PC v. Barnhart*, 399 F.3d 128, 133 (2d Cir. 2005) (quoting 28 U.S.C. § 1361); *Lutheran Med.*, 520 F. Supp. 2d at 419 (quoting 28 U.S.C. § 1361); *see also Jones*, 526 F. Supp. 2d at 459. Mandamus "is intended to provide a remedy only if plaintiff has exhausted all other avenues of relief and if the defendant owes plaintiff a clear non-discretionary duty." *Keesing*, 124 F. Supp. 2d at 136 (citing *Heckler v. Ringer*, 466 U.S. 602, 616–17 (1984)); *see also Caremark Therapeutic Servs. v. Thompson*, 79 F. App'x 494, 496 (2d Cir. 2003) ("To invoke mandamus jurisdiction, a plaintiff bears the heavy burden of showing both that all other avenues of relief have been exhausted and that the defendants have a plainly defined and nondiscretionary duty to perform the act in question."); *Cintron v. Comm'r of Soc. Sec. Admin.*, No. 09-CV-09039, 2011 WL 2791351, at *14 (S.D.N.Y. July 1, 2011) (quoting *Heckler* for the proposition that mandamus only exists when there are no other remedies), *report and recommendation adopted*, No. 09-CV-9039, 2013 WL 208903 (S.D.N.Y. Jan. 18, 2013).

Mandamus is not available to Plaintiff because he failed to exhaust other remedies, including administrative appeal of the SSA decision. *Lutheran Med. Ctr.*, 520 F. Supp. 2d at 419 ("In order to be entitled to [mandamus] relief . . . , a plaintiff must both exhaust administrative

remedies, thereby demonstrating he has no adequate remedy at law, and also show that the defendant had a plainly defined and peremptory duty to perform the act in question."); *Keesing*, 124 F. Supp. 2d at 136 (holding that a plaintiff must first exhaust the SSA's administrative remedies before seeking mandamus). Since Plaintiff is challenging the appointment of a representative payee, he must first challenge that decision in the SSA administrative process. *Escalera*, 457 F. App'x at 7; *Keesing*, 124 F. Supp. 2d at 136.

## III. Conclusion

For the foregoing reasons, Plaintiff's motion for summary judgment is denied. Defendant's motion for summary judgment is granted. The Clerk of Court is directed to close this case.

/ SO ORDERED.

/S/ Judge Margo K. Brodie
───────────────────────
MARGO K. BRODIE
United States District Judge

Dated: May 2, 2013
 Brooklyn, New York